**AFFIRMED; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00030-CR

**TERENA WILLOUGHBY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1358698-W**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Stoddart

Terena Willoughby was charged with aggravated assault with a deadly weapon. She waived her right to a jury trial, executed a judicial confession and stipulation of evidence, and entered an open plea of guilty and true to the allegations in the indictment. The trial court found her guilty and sentenced her to twenty years' incarceration. The trial court made an affirmative finding that she used a deadly weapon and made a finding of family violence. In a single issue, Willoughby argues that the trial court abused its discretion by considering facts of a separate criminal trial when assessing her sentence. We affirm the trial court's judgment.

The underlying facts of the case are not relevant to this appeal and, therefore, we do not recite them. The issue in this appeal is wholly related to the sentence imposed on Willoughby.

During the sentencing, the trial judge heard testimony from several witnesses who testified on Willoughby's behalf, each noting that the crime was out of character for her and

asking that Willoughby be released on probation. The judge also heard testimony from Willoughby that she had two prior convictions for aggravated assault with a deadly weapon, and she has "an anger problem." Willoughby testified that she had been drinking alcohol at the time that she committed each assault, although she denied having "an alcohol problem."

Before assessing punishment, the trial judge had the following exchange with Willoughby:

> [Judge]: Ms. Willoughby, six weeks ago we tried a case in here exactly like this where a Defendant poured gasoline on the complaining witness and lit her on fire. Do you know where he is right now?
> [Willoughby]: Yes, I'm aware. I seen it on TV.
> [Judge]: Where is he?
> [Willoughby]: Doing 99.
> . . .
> [Judge]: I asked you where he was, and you said you knew.
> [Willoughby]: In jail.
> [Judge]: No, ma'am, he's on death row.

The judge then sentenced Willoughby to twenty years' incarceration.

In her brief, Willoughby argues that her exchange with the trial judge was influenced by the other case in which the defendant was sentenced to death. Willoughby argues that she requested probation, the State requested a ten year sentence, and the trial court's sentence of twenty years' incarceration shows the trial court was improperly influenced by the other case. Willoughby concedes in her brief that the sentence imposed is within the statutorily authorized range for a second degree felony with proof of a prior conviction. *See* TEX. PENAL CODE §§ 12.32, 12.42(b) (West 2011 & Supp. 2014)..

"Due process requires a neutral and detached hearing body or officer." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex Parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); *see also Brumit*, 206 S.W.3d at 645. But "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206

S.W.3d at 645. Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *See id.; see also Brown*, 158 S.W.3d at 456.

When the hearing began on Willoughby's open plea, the trial court asked counsel: "So we're looking at a minimum of five [years]?" The prosecutor replied this was correct. *See* TEX. PENAL CODE §§ 12.32 (punishment shall be imprisonment "for life or for any term of not more than 99 years or less than 5 years), 12.42(b). Later, the trial court asked Willoughby: "But you're asking me for probation?" Willoughby responded affirmatively.

The record also shows the trial judge heard testimony from several witnesses who testified on Willoughby's behalf, each noting the crime was out of character for her and asking that Willoughby be released on probation. The judge heard testimony from Willoughby about her prior aggravated assaults and her unresolved anger problems. The trial judge had before him a judicial confession, an open plea of guilty to the allegations in the indictment, a finding that Willoughby used a deadly weapon to commit the offense, and a finding of family violence. The record shows the judge was aware that Willoughby sought probation, and also was aware of the proper range of punishment.

The judge did not make any comments indicating the basis for his decision to assess twenty years' incarceration, nor did the judge comment about why he chose twenty years rather than the ten recommended by the State or the probationary term requested by Willoughby. Based on this record, the comments of the trial judge do not reflect bias, partiality, or that the trial judge did not consider the full range of punishment. We overrule Willoughby's sole issue.

While a trial judge should limit his comments to the facts of the case before him, the judge's comments in this case do not rise to the level of showing bias such that Willoughby's sentence must be reversed.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140030F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERENA WILLOUGHBY, Appellant

No. 05-14-00030-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1358698-W.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.